IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FLEXCEL, INC., | : |
|     Plaintiff | : |
| | : |
| v. | :    Civil No. AMD 02-3825 |
| | : |
| LUI CORPORATION and JAMES | : |
| CRYSTAL, | : |
|     Defendants | : |

...o0o...

## MEMORANDUM

This diversity action presents yet another in what seems to be the increasing incidence of a plaintiff in garden-variety commercial litigation attempting to leverage its litigation position by including fraud claims in routine breach of contract actions.

I.

Flexcel, Inc., sued defendants LUI Corporation and its principal, James Crystal, in a three count complaint: count one for breach of contract (against LUI only); count two for common law fraud; and count three for negligent misrepresentation. The parties agree that Maryland law applies to the tort claims, although Indiana law appears to apply to the breach of contract claim. Flexcel is an Indiana corporation which manufactures and sells to resellers at wholesale office furniture. LUI is a Baltimore-based reseller of office furniture. The agreement between the two took effect in December 1997. At first, the payment terms under the agreement were net 30 from the date of Flexcel's invoice. Subsequently, in consequence of certain modifications to the agreement, payment terms were net 45 days from the date of invoice.

The complaint alleges that LUI fell behind in its payments to Flexcel and Flexcel warned LUI in February 2002 that shipments to LUI would cease if satisfactory arrangements could not be finalized permitting LUI to bring its account current. In June 2002, while LUI remained in default of its payment obligations, attorneys representing Flexcel and LUI/Crystal had a series of conversations and e-mail exchanges in which they discussed the circumstances of LUI's default and what might be done about it short of Flexcel's resort to the full panoply of remedies available to it, including but not limited to terminating shipments of product to LUI and bringing a collection action in court. Flexcel alleges that in the course of these discussions, LUI's attorney made several clear and unambiguous representations to its counsel, namely: "(1) that LUI would not permit its past due balance to increase, (2) that the sum of $150,000 would be paid to [F]lexcel from a loan closing scheduled for July 1, 2002, to reduce LUI's past due balance, and (3) LUI would give a first priority lien to [F]lexcel on all LUI accounts receivable." Furthermore, Flexcel alleges that "LUI and Crystal represented to [F]lexcel that LUI would keep current on new shipments of office furniture products and would not exceed the credit line beyond the amount due at the time, approximately $423,064."

Flexcel alleges that, acting reasonably in reliance on these representations, it shipped additional product to LUI in late June and early July 2002. When LUI fell further behind in its payments to Flexcel and, specifically, failed to make the payment of $150,000 which had been discussed between counsel (although loan proceeds in at least that amount came into the possession of LUI), Flexcel terminated the agreement, declaring LUI in default. Flexcel

alleges in support of its intentional and negligent misrepresentation claims that the promise of a payment of $150,000 "was false and defendants did not intend to make any payment from loan proceeds . . . . Flexcel to its detriment relied upon this false representation and other false representations without knowing they were false. But for [the] false representations, [F]lexcel would not have shipped products in mid-June and July . . . ."

Flexcel filed this action in November 2002. Together with the complaint, Flexcel filed a "Request for Writs of Attachment Before Judgment." In its request and the accompanying memorandum, Flexcel attempted to persuade me to issue process permitting a pre-hearing seizure (indeed, a seizure without notice) of certain bank accounts maintained by LUI and/or Crystal. I summarily denied Flexcel's request, and the summons and complaint were seasonably served on defendants. Defendants have now filed their motion to dismiss or, in the alternative, for summary judgment as to the misrepresentation claims. The issues have been fully briefed and no hearing is needed. For the reasons stated below, I shall grant the motion.

II.

A complaint should not be dismissed for failure to state a claim under Fed.R.Civ.P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *accord Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Motions to dismiss for failure to state a claim are "granted sparingly and with caution in order to make certain that plaintiff is not improperly denied a right to have his claim

adjudicated on the merits." 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure, Civil 2d § 1349 at 192-93 (1990); *see Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506 (2002). All well-pleaded factual allegations are assumed to be true and are viewed in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969).

Ordinarily, Rule 8(a)(2) requires only that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Nevertheless, Fed. R. Civ. P. 9(b) imposes a heightened pleading requirement as to claims for fraud, and a claimant "must make particular allegations of the time, place, speaker, and contents of the allegedly false acts or statements" which provide the foundation for such claims. *First Guar. Mortgage Corp. v. Procopio*, 217 F. Supp. 2d 633, 637 (D. Md. 2002); *Lasercomb America, Inc. v. Reynolds*, 911 F.2d 970, 980 (4th Cir. 1990).

### III.

I shall confine my consideration of the defendants' motion to the complaint and I shall not treat the motion as a motion for summary judgment. Flexcel alleges that defendants (through counsel) made several intentional (or negligent) misrepresentations that were material to their negotiations over whether Flexcel would continue to ship product to LUI after mid-June 2002, and on which Flexcel reasonably relied in continuing to ship product to LUI notwithstanding the fact that LUI was seriously in default. Defendants contend that both the intentional as well as the negligent misrepresentation claims should be dismissed, *inter alia*, for failure to state a claim. I agree.

The elements of a fraud claim under Maryland law are:

> (1) that the defendant made a false representation to the plaintiff, (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth, (3) that the misrepresentation was made for the purpose of defrauding the plaintiff, (4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation.

*Maryland Environmental Trust v. Gaynor*, 370 Md. 89, 97, 803 A.2d 512, 516 (2002). These elements must be supported by factual allegations which set forth the "circumstances" of the fraud "with particularity." Fed. R. Civ. P. 9(b). The heightened pleading standard is intended, *inter alia*, to protect defendants from reputational harms and to provide defendants with fair notice of the accusations against them. *See Gollomp v. MNC Financial, Inc.*, 756 F. Supp. 228, 232 (D. Md. 1991).

The Fourth Circuit has cautioned that so long as defendants are put on notice of which statements are the subject of dispute, and so long as the allegations constitute more than conclusory or speculative allegations of fraud, the allegations are adequate. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (explaining that "a court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts"). Nevertheless, consistent with the pleading standards for fraud claims under Maryland practice, Rule 9(b) clearly has teeth. In particular, if the claim of fraud is based on falsely asserting the existence of a present intention to perform in the future, then "the allegation of an intention not to perform must be predicated on sufficient facts and not be

phrased in merely conclusory terms." *Sims v. Ryland Group, Inc.*, 37 Md.App. 470, 472, 378 A.2d 1 (1977).

I agree with defendants that Flexcel's allegation that LUI never entertained an intention to make a $150,000 payment on its indebtedness (and the related alleged misrepresentations) is wholly conclusory and does not pass the Rule 9(b) threshold. *See Kwang Dong Pharm. Co. v. Han*, 205 F. Supp. 2d 489, 495 (D.Md. 2002)(granting motion to dismiss fraud claim based on alleged false statement of present intention to perform in the future).

Moreover, as a matter of substantive law as well as pleading, the claim for negligent misrepresentation plainly fails. As the parties clearly recognize, the law in Maryland is long settled that a breach of contract does not give rise to a remedy sounding in tort. *See Mesmer v. Maryland Automobile Insurance Fund,* 353 Md. 241, 725 A.2d 1053, 1058-60 (1999). The issue in this case is whether LUI culpably breached its *contractual* duties to Flexcel, and whatever damages Flexcel may be entitled to, if any, will be measured by the law of contract, not tort. Specifically, Flexcel has alleged no basis in law for imposing a legal duty of "due care" upon defendants in respect to statements made by LUI's attorney during negotiations over how LUI's apparent default might be cured. Judge Chasanow put the point cogently in *Swedish Civil Aviation Admin. v. Project Mgmt. Enters., Inc.,* 190 F.Supp.2d 785, 794 (D.Md.2002) (citation omitted)(emphasis added):

> While "'[t]he mere negligent breach of a contract, absent a duty or obligation imposed by law independent of that arising out of the contract itself, is not enough to sustain an action sounding in tort,'" tort liability can be

imposed if there is, "an intimate nexus between the parties." *Jacques v. First National Bank of Maryland,* 307 Md. 527, 534, 515 A.2d 756 (1986). *Whether there was a duty of care, then, depends on whether there was a relationship between the parties beyond the mere contract.*

*Cf. also Lawyers Title Insurance Corp. v. Rex Title Corp.,* 282 F.3d 292 (4th Cir. 2002) (discussing an exception to the general rule, where a legal duty exists outside the contract). Accordingly, both the intentional and the negligent misrepresentations claim shall be dismissed.

IV.

For the reasons set forth, the motion to dismiss shall be granted. Flexcel's request for an opportunity to amend its complaint to beef up its allegations showing culpable misrepresentations is not well taken. As evidenced by its earlier request for permission to effect a seizure of defendants' bank accounts without notice to defendants, Flexcel undeniably has made its best showing already, meticulously setting forth all those facts which might reasonably bear on any misrepresentation claim. It knew that there was no chance that a court would permit a seizure without notice on other than a compelling showing. Flexcel has made that showing, and it falls far short of what is required.

An order follows.

Filed: April 21, 2003

/s/
ANDRÉ M. DAVIS
United States District Judge