```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
                        Northern Division
```

FLEXCEL, INC.,                    :
                                  :
        Plaintiff,                :
                                  :
   vs.                            :  Civil Action No. AMD 02-3825
                                  :
LUI CORPORATION, *et al.*,        :
                                  :
        Defendants.               :

<u>FLEXCEL, INC.'S REPLY TO COUNTERCLAIM</u>

Plaintiff and counter-defendant, flexcel, Inc. (hereafter, "flexcel"), by its undersigned counsel, pursuant to Fed. R. Civ. P. 12, for its Reply to the Counterclaim of defendant and counter-plaintiff, LUI Corporation, states as follows:

1.   Flexcel admits that it and LUI are citizens of different states and that its claim against LUI exceeds the sum or value of $75,000, exclusive of interest and costs, and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 6 of the Counterclaim.[1]

2.   Flexcel admits that LUI is a Baltimore-based

---

[1] Plaintiff notes that the numbered paragraphs of the Counterclaim commence with paragraph 6.

furniture seller that formerly manufactured laminate furniture, and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 7 of the Counterclaim.

    3.    Flexcel admits the averments of paragraph 8 of the Counterclaim.

    4.    Flexcel denies that it approached LUI to manufacture additional pieces of office furniture for LUI, and admits the remaining averments of paragraph 9 of the Counterclaim.

    5.    Flexcel admits that from 1997 through late 2001 it manufactured furniture for re-sale by LUI, and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 10 of the Counterclaim.

    6.    Flexcel admits that following the events of September 11, 2001, LUI approached flexcel about flexcel manufacturing laminate furniture for resale by LUI, as well as seating and casegoods, and denies the remaining averments of paragraph 11 of the Counterclaim.

    7.    Flexcel admits the averments of paragraph 12 of the Counterclaim.

8. Flexcel is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 13 of the Counterclaim.

9. Flexcel admits the averments of paragraph 14 to the extent they accurately set forth a provision of the Supply Agreement, and denies the remaining averments of paragraph 14 of the Counterclaim.

10. Flexcel denies the averments of paragraph 15 of the Counterclaim.

11. Flexcel denies the averments of paragraph 16 of the Counterclaim.

12. Flexcel admits that LUI failed to meet its payment obligations under the Supply Agreement according to the Supply Agreement's time requirements, and denies the remaining averments of paragraph 17 of the Counterclaim.

13. Flexcel admits that in or about February 2002 it demanded that LUI pay all past due accounts, and told LUI it would consider ceasing shipments of products to LUI in view of its breach of the Supply Agreement, and denies the remaining averments of paragraph 18 of the Counterclaim.

14. Flexcel denies the averments of paragraph 19 of the Counterclaim.

15. Flexcel denies the averments of paragraph 20 of the Counterclaim.

16. Flexcel denies the averments of paragraph 21 of the Counterclaim.

17. Flexcel denies the averments of paragraph 22 of the Counterclaim.

18. Flexcel denies the averments of paragraph 23 of the Counterclaim.

19. Flexcel denies the averments of paragraph 24 of the Counterclaim.

20. Flexcel admits that in June 2002 it again demanded that LUI bring its past due account current, and denies the remaining averments of paragraph 25 of the Counterclaim.

21. Flexcel denies the averments of paragraph 26 of the Counterclaim.

22. Flexcel denies the averments of paragraph 27 of the Counterclaim.

23. Flexcel denies the averments of paragraph 28 of the Counterclaim.

24. Flexcel denies the averments of paragraph 29 of the Counterclaim.

25. Flexcel's responses to paragraphs 6 through 29 of the Counterclaim are incorporated by reference as if fully restated herein.

26. Flexcel denies the averments of paragraph 31 of the Counterclaim.

27. Flexcel denies the averments of paragraph 32 of the Counterclaim.

28. Flexcel denies the averments of paragraph 33 of the Counterclaim.

29. Flexcel denies the averments of paragraph 34 of the Counterclaim.

30. Unless otherwise expressly admitted herein, flexcel denies the averments of the Counterclaim and denies that LUI is entitled to any relief thereunder.

### Affirmative Defenses

1. The Counterclaim fails to state a claim upon which relief can be granted.

2. LUI's Counterclaim is barred by accord and satisfaction.

3. LUI's Counterclaim is barred by estoppel.

4. LUI's Counterclaim is barred by waiver.

5. LUI's Counterclaim is barred by fraud.

6. LUI's Counterclaim is barred by illegality.

7. LUI's Counterclaim is barred by the statute of limitations.

8. LUI's Counterclaim is barred by the statute of frauds.

9. LUI's Counterclaim is barred because LUI breached the contract with flexcel sued upon.

10. LUI's Counterclaim is barred or reduced by recoupment and setoff.

11. LUI's Counterclaim is barred because LUI failed to mitigate its damages, if any.

12. LUI's Counterclaim is barred because LUI hindered or impaired flexcel's ability to perform its contractual obligations.

13. LUI's Counterclaim is barred because flexcel is not indebted as alleged.

14. LUI's Counterclaim is barred by payment.

                    THEODORE P. STEIN, P.C.

By: _____/s/_____
    Theodore P. Stein
    Bar No. 05385
    51 Monroe Street
    Suite 1200
    Rockville, Maryland  20850
    (301) 424-9377
    (301) 424-9430 (fax)
    Attorney for plaintiff/counter-defendant flexcel, Inc.

### Demand for Jury Trial

Pursuant to Fed. R. Civ. P. 38, the plaintiff and counter-defendant, flexcel, Inc., demands a trial by jury of any issue triable of right by a jury.

_____/s/_____
Theodore P. Stein